IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Case No. 5:23-CV-167

| | |
|---|---|
| ARMSTRONG FORD, INC. D/B/A CLONINGER FORD OF HICKORY; ASHEBORO FORD, INC.; BOYD BROTHERS FORD, INC.; CAPITAL FORD, INC.; CAPITAL FORD OF CHARLOTTE, INC.; CAPITAL FORD OF LILLINGTON, INC.; CAPITAL FORD OF WILMINGTON, LLC; CELLA FORD, INC.; CENTRAL FORD, INC. D/B/A FEYER FORD OF AHOSKIE; CHAMPION FORD LINCOLN, INC.; CLONINGER FORD, INC.; CLONINGER FORD OF MORGANTON, INC.; COUNTY MOTOR COMPANY, INC. D/B/A COUNTY FORD; CRESCENT FORD, INC.; CROSSROADS FORD OF DUNN-BENSON, INC.; CROSSROADS FORD LINCOLN OF SOUTHERN PINES, INC.; CROSSROADS FORD, INC.; CROSSROADS FORD OF FUQUAY-VARINA, INC.; CROSSROADS FORD OF HENDERSON, INC.; CROSSROADS FORD OF INDIAN TRAIL, INC.; CROSSROADS FORD OF KERNERSVILLE, INC.; CROSSROADS FORD LINCOLN OF SANFORD, INC. D/B/A CROSSROADS FORD OF SANFORD; CROSSROADS FORD OF LUMBERTON, INC.; CROSSROADS FORD OF WAKE FOREST, INC.; DEACON JONES FORD-LINCOLN, INC.; DT OF HAVELOCK, LLC D/B/A RIVERSIDE FORD; | **DEFENDANT FORD MOTOR COMPANY'S NOTICE OF REMOVAL** |

| | |
|---|---|
| EGOLF FORD OF BREVARD, LLC;<br>FAIRLANE AUTOMOTIVE LLC D/B/A<br>FRIENDSHIP FORD OF LENOIR;<br>FEYER FORD, INC.;<br>FEYER FORD AND LINCOLN, INC.;<br>FEYER FORD OF EDENTON, INC.;<br>GREEN FORD, LLC;<br>HASTINGS FORD, INC.;<br>KEN WILSON FORD, INC.;<br>LOOKOUT FORD, INC.;<br>PILOT MOUNTAIN FORD, INC. D/B/A<br>FOOTHILL FORD;<br>PREMIER FORD LINCOLN MERCURY,<br>INC. D/B/A CAPITAL FORD OF ROCKY<br>MOUNT;<br>RAY MOTOR COMPANY, INC. D/B/A<br>CAPITAL FORD OF HILLSBOROUGH;<br>SALE FORD, LLC D/B/A SALE FORD OF<br>KINSTON;<br>SANDERS FORD, INC.;<br>SCENIC MOTORS, INC. D/B/A SCENIC<br>FORD;<br>STANLEY COUNTY AUTOMOTIVE, LLC<br>D/B/A ALBEMARLE FORD;<br>STEARNS FORD, INC.;<br>TRI-CITY FORD, INC.;<br>WELFORD HARRIS, INC. D/B/A<br>WELFORD HARRIS FORD; and WYNN<br>ODOM FORD, INC.,<br>          Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY,<br>          Defendant. | |

Defendant Ford Motor Company ("Ford"), by its counsel, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, based on diversity of citizenship, the claims pending as an unnumbered Case before the Commissioner of the North Carolina Division of Motor Vehicles. In support of this removal, Ford states as follows:

## I. THE REMOVED CASE

1. The removed case is an adjudicatory proceeding commenced before the Commissioner of the North Carolina Division of Motor Vehicles by Plaintiffs Armstrong Ford, Inc. against Ford, entitled *Armstrong Ford, Inc., et al. v. Ford Motor Company*, (the "State Action").

2. Plaintiffs served Ford with the State Action no earlier than March 2, 2023, asserting violations of N.C. Gen. Stat. §§ 20-297.1(e), 20-305 (1, 2, 3, 9, 11, 12, 14, 15, 22, 32, 34, 48, 49 and 53, and 20-305.6. *See* Complaint.

## II. PROCEDURAL REQUIREMENTS

3. Ford has thirty (30) days from the date of service or receipt of a copy of the Complaint to remove a case. 28 U.S.C. § 1446(b). Ford was served with a copy of the Complaint no earlier than March 2, 2023. This Notice of Removal is therefore timely filed.

4. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Ford's possession are contained in **Exhibit A** filed herewith.

5. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Eastern District of North Carolina because this district embraces the place in which the removed action has been pending.

6. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Commissioner of the North Carolina Division of Motor Vehicles promptly after filing of same in this Court.

7. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

8. If any question arises as to the propriety of the removal of this action, Ford requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

9. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Ford's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii)

insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defense available under state or federal law.

### III. DIVERSITY OF CITIZENSHIP EXISTS

10. Plaintiffs are and were at the time of filing of the Complaint, all citizens and residents of North Carolina. (Compl. ¶¶ 1-46).

11. Ford is, and was at the time Plaintiffs commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Michigan. This Court can take judicial notice of these facts. (Compl. ¶ 48). *See* Excerpt from Ford's 2022 Form 10-K filing, attached as Exhibit B; *see also* Fed. R. Evid. 201(b)(2) (courts may judicially notice facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

12. For the reasons stated above, there is diversity of citizenship between Plaintiffs, North Carolina citizens, and Ford, a citizen of Michigan and Delaware.

### IV. THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

13. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

14. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The party seeking to remove a matter to federal court "'bears the burden of demonstrating that removal jurisdiction is proper" by a preponderance of the evidence. *Scott v. Cricket Communications*, LLC, 865 F.3d 189, 195 (4th Cir. 2017).

15. Ford disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Ford can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard.

16. In the case at bar, Plaintiffs seek both monetary and injunctive relief, including enjoining a Ford dealer program that has been made available to all Ford dealers in North Carolina,

4

as well as across the United States. (Compl., Prayer for Relief at 34).

17. Plaintiffs also seek an award of attorneys' fees and costs. (*Id*.). Although Plaintiffs do not specifically quantify these damages, it is more likely than not that the amount in controversy exceeds $75,000.00.

18. Plaintiffs also seeks injunctive relief. In actions seeking declaratory or injunctive relief, the amount in controversy is measured by the "value of the object of the litigation." *Preserve Forest LLC v. Nationwide General Ins. Co.*, 2020 WL 355065, *2 (W.D. N.C. Jan. 21, 2020). Here, Plaintiffs seeks injunctive relief preventing Ford from implementing its EV Program for all dealers in North Carolina. (Compl., Prayer for Relief at 34). Ford contends this action alone would likely meet the amount in controversy threshold.

19. Accordingly, the total amount in controversy exceeds $75,000.00 for purposes of removal. The amount in controversy is satisfied.

## V. CONCLUSION

20. The State Action may be removed to this Court by Ford in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a judicial proceeding pending within the jurisdiction of the United States District Court for the Eastern Division of the District of North Carolina; (ii) the action is between citizens of different states; and (iii) the amount in controversy exceeds $75,000.00.

Respectfully submitted this the 31st day of March, 2023.

/s/ *David W. Sar*
David W. Sar
N.C. State Bar No. 23533
dsar@brookspierce.com
Jimmy C. Chang
N.C. State Bar No. 57429
jchang@brookspierce.com
BROOKS, PIERCE, McLENDON,
  HUMPHREY & LEONARD, L.L.P.
Post Office Box 26000
Greensboro, NC 27420-6000
Telephone:    336-271-3175
Facsimile:    336-232-9075

*Attorneys for Ford Motor Company*

# CERTIFICATE OF SERVICE

I hereby certify that on the date indicated below, the foregoing document (with exhibits) is being/was served upon the following by email and by depositing a copy of the same in the United States mail, postage prepaid, addressed as follows:

**BASS SOX MERCER**

Shawn D. Mercer
Mark W. Ishman
4208 Six Forks Road, Suite 1000
Raleigh, North Carolina 27609
smercer@bsm-law.com
mishman@bsm-law.com

Jeremiah M. Hawkes
Andrew G. Thomas
2822 Remington Green Circle
Tallahassee, Florida 32308
jhawkes@bsm-law.com
athomas@bsm-law.com

*Attorney for Petitioners*

This is the 31st day of March, 2023.

                                            /s/ *David W. Sar*
                                            David W. Sar

7

Case 5:23-cv-00167-D-BM   Document 1   Filed 03/31/23   Page 7 of 7