| | |
|---|---|
| ARMSTRONG FORD, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| FORD MOTOR COMPANY, ) | |
| ) | |
| Defendant. ) | |

This action concerns Ford Motor Company's ("Ford" or "defendant") Model e Program (the "EV Program"), which is a voluntary, national program made available to all Ford dealers who wish to invest in Ford's transition into increased production of electronic vehicles. See [D.E. 1-1]; [D.E. 12] 1–5; [D.E. 13] 1. On March 7, 2023, Armstrong Ford, Inc., along with 45 other franchised Ford dealerships, (collectively, "plaintiffs") filed a petition with the Commissioner of the North Carolina Division of Motor Vehicles (the "Commissioner") claiming that the EV Program violated the North Carolina Motor Vehicle Dealers and Manufacturers Licensing Law, N.C. Gen. Stat. §§ 20-285, et seq. (the "Dealer Act"), including multiple provisions of section 20-305. See [D.E. 1-1]. Plaintiffs asked the Commissioner to prohibit Ford from implementing the EV Program. See id. at 34.

On March 31, 2023, Ford removed the action to this court [D.E. 1]. On April 20, 2023, plaintiffs moved to remand [D.E. 12]. On May 11, 2023, Ford responded in opposition [D.E. 13]. On May 17, 2023, Ford moved for a protective order staying deadlines pending the court's ruling on plaintiffs' motion to remand [D.E. 15]. As explained below, the court grants plaintiffs' motion

to remand, remands the action to the North Carolina Division of Motor Vehicles, and denies as moot Ford's motion for a protective order.

I.

Ford premised removal on 28 U.S.C. §§ 1332, 1441, and 1446. See [D.E. 1] 2. As for 28 U.S.C. § 1332, the parties agree that they are diverse but dispute whether the amount-in-controversy requirement for federal diversity jurisdiction is satisfied. As for 28 U.S.C. §§ 1441 and 1446, the parties dispute whether plaintiffs' pending claims before the Commissioner of the North Carolina Division of Motor are a "civil action brought in a State court" that Ford can remove to federal court. See 28 U.S.C. § 1441.

"[F]ederal courts, unlike most state courts, are courts of limited jurisdiction, created by Congress with specified jurisdictional requirements and limitations." Strawn v. AT & T Mobility, LLC, 530 F.3d 293, 296 (4th Cir. 2008); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Priselac v. Chemours Co., 561 F. Supp. 3d 562, 568–69 (E.D.N.C. 2021). Under 28 U.S.C. § 1441,

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added); see Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004); Colo. Bankers Life Ins. Co. v. AT Den. Invs., APS, 526 F. Supp. 3d 118, 123 (E.D.N.C. 2021). Under 28 U.S.C. §1332, the district court has jurisdiction where the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

2

The removing party "bears the burden of showing removal is proper," including showing that the federal court has subject-matter jurisdiction over the case. Mayor of Balt. v. BP P.L.C., 31 F.4th 178, 197 (4th Cir. 2022) (quotation omitted); see Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC, 880 F.3d 668, 680 (4th Cir. 2018); Prince v. Sears Holdings Corp., 848 F.3d 173, 176 (4th Cir. 2017); Strawn, 530 F.3d at 296–97; Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). If a court lacks subject-matter jurisdiction over a removed case, the proper remedy is to remand rather than dismiss. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Roach v. W. Va. Reg'l Jail & Corr. Facility Auth., 74 F.3d 46, 49 (4th Cir. 1996).

The court "must strictly construe removal jurisdiction," and if federal jurisdiction over the removed case "is doubtful," the court must remand the case. Mayor of Balt., 31 F.4th at 197 (quotations omitted); see 28 U.S.C. § 1447(c); Common Cause v. Lewis, 956 F.3d 246, 252 (4th Cir. 2020); Mulcahey, 29 F.3d at 151; Colo. Bankers Life Ins. Co., 526 F. Supp. 3d at 123. Put differently, a court should "resolve doubts in favor of remand." Palisades Collections, LLC v. Shorts, 552 F.3d 327, 336 (4th Cir. 2008); see Elliott v. Am. States Ins. Co., 883 F.3d 384, 390 (4th Cir. 2018); Colo. Bankers Life Ins. Co., 526 F. Supp. 3d at 123.

Plaintiffs argue that Ford cannot establish an amount in controversy in excess of $75,000 under 28 U.S.C. § 1332 because attorneys' fees are not included in the calculation and plaintiffs have not demanded monetary relief. To calculate an amount in controversy, interest and attorneys' fees are not included. See First Nat. Bank v. La. Highway Comm'n, 264 U.S. 308, 310 (1924); Pinel v. Pinel, 240 U.S. 594, 597 (1916). "In actions seeking declaratory or injunctive relief, ... the amount in controversy is measured by the value of the object of the litigation." Francis v. Allstate Ins. Co., 709 F.3d 362, 367 (4th Cir. 2013). "The key inquiry in determining whether the

3

amount-in-controversy requirement is met is not whether the plaintiff will actually recover but an estimate of the amount that will be put at issue in the course of the litigation." Scott v. Cricket Comms., LLC, 865 F.3d 187, 196 (4th Cir. 2017) (cleaned up); Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977); McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178, 181 (1936); McPhail v. Deere & Co., 529 F.3d 947, 956 (10th Cir. 2008).

Plaintiffs do not request monetary relief other than interest and attorneys fees. See [D.E. 1-1] 35. Plaintiffs, however, challenge Ford's EV Program, and plaintiffs' participation in the EV Program would require each plaintiff to invest over $1,100,000. See [D.E. 1-1] ¶¶ 87–91. Even one plaintiff's claim on its own meets section 1332's amount in controversy requirement. Therefore, the parties are diverse and meet the amount in controversy requirement under 28 U.S.C. § 1332. Cf. Hunt, 432 U.S. at 347; McNutt, 298 U.S. at 181.

Next, the court examines whether removal under 28 U.S.C. § 1441 was proper. The court focuses on whether the North Carolina Division of Motor Vehicles is a state court and whether plaintiffs' petition with the Commissioner is a civil action brought in a state court subject to removal. When determining whether a party may remove an administrative matter to federal court under 28 U.S.C. § 1441, federal circuit courts have taken two approaches: the plain language approach and the functional approach.[1] The plain language approach requires the court to examine the plain

---

[1] The Ninth and Tenth Circuits apply the plain language approach to determine whether a party may remove an administrative matter to federal court. See Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1, 607 F.3d 1251, 1254–55 (10th Cir. 2010); Or. Bureau of Lab. & Indus. ex rel. Richardson v. U.S. W. Commc'ns, Inc., 288 F.3d 414, 418 (9th Cir. 2002). The Third Circuit seems to favor the plain language approach but has also discussed the functional approach. See Sun Buick, Inc. v. Saab Cars USA, Inc., 26 F.3d 1259, 1264 (3d Cir. 1994). The First and Seventh Circuits apply the functional approach. See Floeter v. C. W. Transp., Inc., 597 F.2d 1100, 1102 (7th Cir. 1979) (per curiam); Volkswagen de P.R., Inc. v. P.R. Lab. Rels. Bd., 454 F.2d 38, 44 (1st Cir. 1972) (per curiam); but see Wirtz Corp. v. United Distillers & Vintners N. Am., Inc., 224 F.3d 708, 713 (7th Cir. 2000) (limiting the holding in Floeter to the particular facts of that case). The

4

language of 28 U.S.C. § 1441. See, e.g., Porter Tr., 607 F.3d at 1254–55; Or. Bureau of Lab. & Indus. ex rel. Richardson, 288 F.3d at 418; Sun Buick, 26 F.3d at 1264. The functional approach requires the court to determine whether the administrative agency functions like a state court in the action. See, e.g., Floeter, 597 F.2d at 1102; Volkswagen de P.R., 454 F.2d at 44. The Fourth Circuit has not addressed either approach under section 1441.[2] Nonetheless, under either approach, Ford's arguments for removal fail because the North Carolina Division of Motor Vehicles is not a state court and does not function as a state court in this matter.

As for the plain language approach, the plain language of 28 U.S.C. § 1441 only mentions state courts not administrative agencies. See 28 U.S.C. § 1441. "Generally, the word 'court' in a statute is held to refer only to the tribunals of the judiciary and not to those of an executive agency with quasi-judicial powers." Sun Buick, 26 F.3d at 1264. Pursuant to North Carolina licensing laws, plaintiffs filed their petition with the Commissioner of the North Carolina Division of Motor Vehicles. See N.C. Gen. Stat. § 20-301(b). The Commissioner has exclusive jurisdiction to hear

---

Second, Fourth, Fifth, Sixth, Eighth, Eleventh, and District of Columbia Circuits have not yet addressed this issue. District courts within the Sixth Circuit are split on the issue with some district courts within the Sixth Circuit applying the plain language approach and some applying the functional approach. Compare Smith v. Detroit Entm't, LLC, 919 F. Supp. 2d 883, 886–88 (E.D. Mich. 2013) (adopting the plain language approach) with Ford Motor Co. v. McCullion, Nos. C2-88-142 & C2–87–1459, 1989 WL 267215, at *2–3 (S.D. Ohio Apr. 14, 1989) (unpublished) (adopting the functional approach).

[2] The Fourth Circuit has applied something like the functional approach to determine whether a state agency constitutes a "State court" under 28 U.S.C. § 1442. See Kolibash v. Comm. on Legal Ethics, 872 F.2d 571 (4th Cir. 1989). In Kolibash, the Fourth Circuit held that a United States Attorney could remove a state bar disciplinary proceeding to federal court because the proceeding was adjudicatory in nature in that the state bar committee was an arm of the state court and conducted itself as a court in holding evidentiary hearings and taking testimony. See id. at 576. However, courts broadly construe 28 U.S.C. § 1442 and narrowly construe 28 U.S.C. § 1441. See, e.g., Mayor of Balt., 31 F.4th at 197; Common Cause, 956 F.3d at 252; Mulcahey, 29 F.3d at 151; Colo. Bankers, 526 F. Supp. 3d at 123. Therefore, Kolibash does not help Ford.

5

such petitions. See id. The North Carolina Division of Motor Vehicles is a subdivision of the North Carolina Department of Transportation. See N.C. Gen. Stat. § 20-1. The North Carolina Division of Motor Vehicles is not a subdivision of the judiciary, does not have tribunals of the judiciary, and does not conduct court proceedings. See id. The duties of the North Carolina Division of Motor Vehicles include overseeing licensing of motor vehicle manufacturers and dealership. See N.C. Gen. Stat. §§ 20-285–20-308.2. North Carolina law does not define or describe the North Carolina Division of Motor Vehicles or its duties as a "state court." See id. § 20 (listing the statutory provisions providing definitions related to and regulating the North Carolina Department of Motor Vehicles).

N.C. Gen. Stat. § 20-308.1(a) describes the administrative nature of a proceeding before the Commissioner. The statutory language delineates between "an administrative proceeding before the Commissioner" and "any court of competent jurisdiction." See id. Therefore, under the plain language approach, the North Carolina Division of Motor Vehicles is not a state court. Thus, plaintiffs' petition with the Commissioner is not a civil action brought in a state court subject to removal, and Ford's removal under 28 U.S.C. § 1441 was improper. See Porter Tr., 607 F.3d at 1255; Or. Bureau of Lab. & Indus. ex rel. Richardson, 288 F.3d at 418.

Alternatively, the court rejects Ford's argument under the functional approach. Under the functional approach, courts employ two steps. First, "the court must evaluate 'the functions, powers, and procedures of the state tribunal' in order to consider whether the entity functions as a court." Rockville Harley-Davidson v. Harley-Davidson Motor Co., 217 F. Supp. 2d 673, 676 (D. Md. 2002) (quoting Floeter, 597 F.2d at 1102). Second, "the court must consider 'the respective state and federal interests in the subject matter and in the provision of a forum.'" Id. (quoting Floeter, 597

6

F.2d at 1102). The second step of the functional approach is the more important inquiry. See, e.g., Rockville Harley-Davidson, 217 F. Supp. 2d at 676 (collecting cases).

As discussed, the North Carolina Division of Motor Vehicles does not function as a court in this action. In opposition, Ford cites Ginn v. North Carolina Department of Corrections, 829 F. Supp. 804, 805–07 (E.D.N.C. 1993). In Ginn, the court found that the North Carolina Office of Administrative Hearings met step one of the functional test because the "functions, powers, and procedures" of the office were similar to a court, and the administrative law judges who conduct the hearings "apply the Rules of Civil Procedure and Rules of Evidence," are "empowered to administer oaths and affirmations, issue subpoenas, and take testimony," and its "decision is final and binding on the parties to a contested case hearing." Ginn, 829 F. Supp. at 806. Like the North Carolina Office of Administrative Hearings, the North Carolina Division of Motor Vehicles, through the Commissioner, does conduct hearings that produce final, binding decisions on the parties. See N.C. Gen. Stat. § 20-301(b). And the Commissioner does employ procedures to manage discovery, subpoena witnesses, take depositions of witnesses, and render findings or fact and conclusions of law based on the evidence presented. See id. The Commissioner, however, does not apply the Rules of Civil Procedure and Rules of Evidence, and the Commissioner's role is limited to issues arising out of licensing conflicts between parties and conflicts related to unfair methods of competition or undue influence by the manufacturer. See id.

Even though the Commissioner employs some court-like procedures, the Commissioner does not have judicial power. For example, the Commissioner does not have the ability to enforce subpoena's through a contempt power. See N.C. Gen. Stat. § 20 (noting in other parts of the North Carolina Division of Motor Vehicles title where a person may be held in contempt by a state court). Moreover, the Commissioner's findings are not given preclusive effect until they are ratified by a

7

state court. See, e.g., S. States Imports, Inc. v. Subaru of Am., Inc., No. 5:05-CV-752, 2007 WL 9718537, at *3 (E.D.N.C. Feb. 27, 2007) (unpublished) (citing N.C. Gen. Stat. § 20-301(b)). And the Commissioner does not have power to award damages. See id. at *4. Furthermore, numerous other courts that have addressed a similar question have held that state motor vehicle departments and similar state agencies are not state courts within the meaning of 28 U.S.C. § 1441. See, e.g., Sun Buick, 26 F.3d at 1264; Cal. Dep't of Motor Vehicles v. Guancione, No. 5:22-cv-04894, 2022 WL 16701929, at *1 (N.D. Cal. Nov. 3, 2022) (unpublished); Don Johnson's Haywood Motors, Inc., v. Gen. Motors, LLC, 387 F. Supp. 3d 939, 941, 943–47 (W.D. Wis. 2019); Darlings, 57 F. Supp. 3d at 74–81; Rockville Harley-Davidson, 217 F. Supp. 2d at 676; Southaven Kawasaki-Yamaha v. Yamaha Motor Corp., 128 F. Supp. 2d 975, 979–82 (S.D. Miss. 2000); Wirtz Corp., 224 F.3d at 712–13; Ford Motor Co., 1989 WL 267215, at *2–3. Therefore, the North Carolina Division of Motor Vehicles does not constitute a state court for removal purposes under 28 U.S.C. § 1441.

Notably, at step two, the court in Ginn found that even though the North Carolina Office of Administrative Hearings functioned like a state court, the balance of state and federal interests in the matter favored the state's interests. Thus, the Ginn court held that the North Carolina Office of Administrative Hearings was not a state court for removal purposes under 28 U.S.C. § 1441. See Ginn, 829 F. Supp. at 806–07. Therefore, even assuming the North Carolina Division of Motor Vehicles functions like a state court, it is not a state court because the balance of state and federal interests in the matter favors the state's interests.

At issue here is the application of North Carolina statutes, and North Carolina's power to regulate and license motor vehicle manufacturers and dealers in the state. See [D.E. 1-1]. North Carolina has a strong interest in regulating and licensing motor vehicle manufacturers and dealers in the state. North Carolina provided the Commissioner powers to regulate automobile dealers and

8

manufacturers, protect consumers, and foster competition. See N.C. Gen. Stat. § 20-301. Allowing removal would substitute the federal court for the Commissioner, undermining North Carolina's effort to foster administrative resolution of dealer-manufacturer disputes. See, e.g., Rockville Harley-Davidson, 217 F. Supp. 2d at 676.

The federal interest does not outweigh the state interest. Ford concedes that "no question of federal law is at issue" but argues that the federal interests "in providing a fair forum for non-North Carolina litigants and the transition to electric vehicles outweighs any state interest at issue." [D.E. 13] 5–6. The court recognizes the important federal interest in providing a neutral federal forum for out-of-state defendants. See, e.g., Szanty v. Beech Aircraft Corp., 349 F.2d 60, 65 (4th Cir. 1965); In re Butterfield, 339 B.R. 366, 375 (Bankr. E.D. Va. 2004). The federal interest, however, does not outweigh the substantial state interest. Moreover, other courts in similar actions have held that a state's interest in enforcing its laws outweighs the federal interest in a neutral forum for out-of-state parties. Cf. Darlings v. Chrysler Grp, LLC, 57 F. Supp. 3d 68, 76–80 (D. Me. 2014); Rockville Harley-Davidson, 217 F. Supp. 2d at 676.

Under the functional approach, because the North Carolina Division of Motor Vehicles does not function as a court and the balance of state and federal interests favors the state's interests, plaintiffs' petition with the Commissioner was not a civil action brought in a state court subject to removal. Thus, Ford's removal under 28 U.S.C. § 1441 was improper. Cf. Cal. Dep't of Motor Vehicles, 2022 WL 16701929, at *1; Don Johnson's Haywood Motors, Inc., 387 F. Supp. 3d at 941, 943–47; Darlings, 57 F. Supp. 3d at 74–81; Rockville Harley-Davidson, 217 F. Supp. 2d at 676; Southaven Kawasaki-Yamaha, 128 F. Supp. 2d at 979–82; Ford Motor Co., 1989 WL 267215, at *2–3. Accordingly, the court grants plaintiffs' motion to remand, remands the action to the North Carolina Division of Motor Vehicles, and denies as moot Ford's motion for a protective order.

9

II.

In sum, the court GRANTS plaintiffs' motion to remand [D.E. 12], REMANDS the action to the North Carolina Division of Motor Vehicles, AWARDS no costs, and DENIES AS MOOT defendant's motion for a protective order [D.E. 15].

SO ORDERED. This _18_ day of July, 2023.

JAMES C. DEVER III
United States District Judge